AUGUST MUSSMAN, ADMINISTRATOR, APPELLANT, V. ISAAC C. STEELE, APPELLEE.

FILED MARCH 9, 1934. No. 28825.

*Waring & Waring,* for appellant.

*Sloans, Keenan & Corbitt, contra.*

Heard before ROSE, GOOD, EBERLY and PAINE, JJ., and MEYER, District Judge.

GOOD, J.

August Mussman, as administrator of the estate of his deceased wife, sued to recover damages resulting from her death, which he charges was proximately caused by the negligence and wrongful acts of the defendant. Defendant denied any negligence, and alleged that Mrs. Mussman's death resulted from other causes. At the conclusion of the evidence, the trial court, on motion of defendant, directed a verdict in his favor. Plaintiff has appealed.

The record discloses that Mr. and Mrs. Mussman resided in Fillmore county. July 8, 1932, at her home, Mrs. Mussman accidentally cut the small finger of her left hand. Two days later she became ill, and it appears that she was suffering from septicæmia, or blood poisoning, and continued to grow worse until the 17th of July, when the attending and consulting physicians advised that she be taken to a hospital in Lincoln where she could have better care. The plaintiff arranged with defendant, the owner of an ambulance, to take his wife to a hospital in Lincoln. Defendant went to plaintiff's home, where Mrs. Mussman

was placed on a cot in the ambulance, and the journey to Lincoln started. Plaintiff accompanied his wife in the ambulance. After they had gone six or seven miles, a heavy rain came on, and the roads became muddy and slippery. In going down a long hill, defendant, driving the ambulance, lost control thereof, ran into a ditch on the left side of the road, and the ambulance turned over on its side. Mrs. Mussman received injuries, consisting of two cuts on the left arm and some bruises. She remained in the overturned ambulance, or at the scene of the accident, for an hour or more, until another ambulance could be obtained, in which she was taken to the Lincoln General Hospital, where she died two days later.

Plaintiff testified that he smelled liquor on the breath of the driver of the ambulance at the scene of the accident; that prior to the accident he had been driving at an excessive rate of speed; that plaintiff had protested several times at the rate of speed; that in going down the hill defendant was driving at the rate of 50 miles an hour at the time of the accident; that Mrs. Mussman became wet from the rain at the scene of the accident. The evidence shows without question that she died of pneumonia. There is testimony by a specialist, who did not see Mrs. Mussman at any time, but who testified from data supplied by the hospital record and testimony of physicians who had been attending Mrs. Mussman, which was all in the evidence, that, in his opinion, she did not have pneumonia at the time she started on her journey to the hospital; that the exposure at the time of the accident, especially in her physical condition and lowered resistance, caused the onset of pneumonia, and that it developed within a day after the accident; that, but for the exposure at the scene of the accident, she might not have contracted pneumonia, and that, in his opinion, the cause of the pneumonia was due to exposure at the time of the accident.

In passing, it may be said that there is a sharp conflict in the evidence as to the rate of speed at which

defendant was driving at the time of the accident, and that the evidence on behalf of defendant presents quite a different aspect. However, we are not to pass upon the question of evidence, except to determine whether there was any substantial evidence, tending to sustain plaintiff's cause of action. We think the jury, if they had believed the testimony of plaintiff, would have been justified in finding that defendant was guilty of negligence in driving down a hill over muddy, slippery roads, at a high rate of speed, and that his negligence was the cause of the ambulance overturning; and, if they believed the testimony of the specialist, called by plaintiff, they would have been justified in finding that the exposure of Mrs. Mussman at the scene of the accident was the inducing cause of the onset of pneumonia which caused her death. There is more than a scintilla of evidence tending to support the plaintiff's cause of action. The jury, not the court, are the triers of fact in law actions. The rule is well established that the court is justified in directing a verdict for defendant only where there is no substantial evidence to support a verdict for plaintiff. Even though the evidence of plaintiff is slight and, to the court, apparently greatly outweighed by the evidence for defendant, nevertheless it is for the jury, and not the court, to weigh the evidence and determine the question of fact.

Defendant contends that Mrs. Mussman would have died from septicæmia, or blood poisoning, even if the accident had not occurred, and that the accident had nothing to do with causing her death. It is possible that Mrs. Mussman might have died, had there been no accident; but, if her death was hastened by the negligence of defendant, plaintiff would still be entitled to some recovery. We think there was sufficient evidence to require submission of the cause to the jury, and the court erred in directing a verdict for defendant.

Other errors discussed in the brief are not likely to arise upon another trial and will not be considered.

For the error in directing a verdict for defendant, the judgment is reversed, and the cause remanded for further proceedings.

REVERSED.